■ In the Matter of the Arbitration between A.F.C.O. MET-ALS, INC., Appellant, and LOCAL UNION 580 et al., Respondents. [620 NYS2d 348] —Order and judgment (one paper), Supreme Court, New York County (William J. Davis, J.), entered April 14, 1994, which denied the petition pursuant to CPLR article 75 to permanently stay the noticed arbitration, unanimously reversed, on the law, without costs, and the petition granted.

Despite respondent union's artful framing of its contentions such that they appear to seek only delinquent trust fund contributions, we find that this matter falls squarely within the rationale of our decision in *A.A. Bldg. Erectors v Local Union 580* (189 AD2d 683), where we held that a dispute in which one union sought to arbitrate with an employer the question of whether its members should have performed certain work which was performed by another union, and therefore, whether, under applicable contracts, the employer should have contributed to the aggrieved union's benefit fund, is a jurisdictional dispute between the two unions.

We also find that jurisdictional disputes are not arbitrable under either of this collective bargaining agreement's arbitration provisions, since, *inter alia,* at sections I and XXII (f), it expressly makes jurisdictional dispute resolution subject to other trade agreements adopted by the construction industry specifically for that purpose. Furthermore, respondent's claim would appear to fall outside of the collective bargaining agreement's "trust fund protection" arbitration provision because respondent admittedly seeks fund contributions for work not performed by its members. The terms of each trust fund agreement, which are incorporated by reference into the arbitration provision, link the employer's obligation to make fund contributions to hours actually worked by Local 580 employees. Concur—Wallach, J. P., Kupferman, Ross, Nardelli and Williams, JJ.